HERMAN J. KUMBERGER et al., Appellants, *v.* THE CONGRESS
SPRING COMPANY, Respondent.

*Kumberger* v. *Congress Spring Co.*, 45 App. Div. 629, reversed.
(Argued May 15, 1901; decided May 24, 1901.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
November 29, 1899, affirming a judgment in favor of defend-
ant entered upon a verdict and an order denying a motion
for a new trial.

*Charles S. Lester* for appellants.

*Edgar T. Brackett* for respondent.

*Per Curiam.* When this case was here before, (158 N. Y.
339), a judgment recovered by the plaintiffs upon a verdict,
which had been directed by the court, was reversed and a new
trial was ordered upon two grounds. The suit was to recover
the purchase price of a gas engine, which the plaintiffs had
sold to the defendant under a contract between them, as
expressed in a written proposal of the former " to furnish and
erect in their building　*　*　*　one White and Middleton
gas engine of six actual horse power, put up complete, includ-
ing all necessary connections, etc.,　*　*　*　leaving engine
in satisfactory working order and ready for driving belt, for
the sum of $700, payable thirty days after satisfactory com-
pletion of the contract," etc. The engine was erected upon
the defendant's premises at Saratoga Springs, in this state,
and, after being in operation for about two days, it failed to
work satisfactorily, because of the instability of the founda-
tion upon which it was erected. The defense to the action
was that the plaintiffs had failed to perform their contract,
in erecting the engine upon an improper foundation, and a
counterclaim was set up for damages sustained by the defend-
ant. When the parties came to the trial, the plaintiffs gave
evidence with respect to circumstances under which the con-
tract was entered into, which bore upon the question as to
whether there was any understanding between the parties as

'to the necessity of a proper place being provided upon the defendant's premises by one or the other of them for the erec-' tion of the engine. A conflict arising upon the evidence, by reason of that which was given on the part of the plaintiffs, to the effect that the defendant would provide a suitable place for the engine, being contradicted by the testimony of one of the defendant's officers, we held that the question of fact should have been submitted to the jury for determination. The further ground, upon which our previous determination was rested, was that while the contract itself did not require that the plaintiffs should furnish the foundation or the proper place for the engine, still the plaintiffs owed the duty, by reason of their peculiar knowledge and experience, when performing their part of the contract relating to the setting up of the engine in a condition for its satisfactory working, to see to it whether there was a proper foundation, and, if not, then to inform and advise the defendant's officers. If the plaintiffs neglected their duty in that respect, there would be a question as to whether the defendant was not entitled to recover any damages, which resulted from the engine subsequently being so disabled as not to be able to do the work demanded of it. What was said in the opinion was this : "If the plaintiffs suffered the engine to be erected upon an inadequate and improper foundation, when a word of advice to the defendant's officers might have caused them to provide a proper place, then the plaintiffs should fairly be held responsible for any consequent damage which was a direct result."

Upon the new trial which was had, we do not find the same conflict in the evidence which existed on the first trial, with respect to there being any understanding between the parties as to whether one or the other of them should provide the foundation upon which the engine was to be erected. The issue between the parties upon the last trial was submitted to the determination of the jury, and, because of certain erroneous refusals on the part of the trial judge to instruct the jury, we are compelled to order a new trial.

The plaintiffs' counsel asked the court to charge, as a matter of law, "that the contract did not require that the plaintiffs should furnish the foundation." The court declined so to

charge, saying that he would leave it to the jury. To which ruling the plaintiffs' counsel excepted. That was an error upon the part of the trial judge. Under our opinion, it was distinctly held that the contract did not require that the plaintiffs should furnish the foundation for the engine. The only reason, upon the previous trial, why that question should have been submitted to the jury, was because the plaintiffs' evidence had opened the door to an inquiry into the circumstances which affected the performance of the contract and bore upon the understanding of the parties, and a conflict resulted upon an issue thus tendered, which left a question of fact to be determined by the jury. Upon the present trial, as it has been observed, there was no such conflict in the evidence and the plaintiffs were entitled, as matter of law, to have the jury instructed as requested.

Furthermore, there was error committed in the refusal of the request made by the plaintiffs' counsel to the trial judge to charge the jury " that the plaintiffs were entitled to a verdict for the contract price of the engine, subject to diminution of any damages which the defendant suffered by reason of the plaintiffs' neglect to inform defendant that the floor was an insufficient foundation." The request resumes, in effect, the whole difficulty and involves the real point of the case. Under our previous opinion, the rule was laid down for the case that if the plaintiffs neglected to perform the duty resting upon them, of informing the defendant's officers if the foundation furnished was inadequate and improper for the satisfactory working of the engine, then they should be held responsible for any consequent damage to the defendant, which was a direct result of that neglect of duty. If the trial judge had charged as requested, the jury could then have determined the issue between the parties upon the true principle which should govern the determination.

For the errors pointed out, we think there should be a reversal of the judgment and a new trial should be ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN, CULLEN and WERNER, JJ., concur; LANDON, J., not sitting.

Judgment reversed, etc.